UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

MALCOLM EVANS SR.,

                Plaintiff,              16-CV-801 (MAT)
     -v-                                   **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security[1],

                Defendant.
_____

**INTRODUCTION**

Malcolm Evans, Sr. ("Plaintiff"), represented by counsel, brings this action under Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "defendant"), denying his application for Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and Defendant's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

**PROCEDURAL BACKGROUND**

On December 15, 2014, Plaintiff protectively filed for SSI, alleging disability beginning June 1, 2012. (Administrative Transcript ("T.") 141-46). The claim was initially denied on July 27, 2015, and Plaintiff timely requested a hearing. (T. 77-82). A hearing was conducted on December 14, 2015, in Buffalo, New York by administrative law judge ("ALJ") Timothy McGuan. (T. 52-63). Plaintiff appeared with his attorney and testified. An impartial vocational expert ("VE") also testified.

The ALJ issued an unfavorable decision on January 22, 2016. (T. 9-27). Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. (T. 7-8). The Appeals Council denied Plaintiff's request for review on August 9, 2016, making the ALJ's decision the final decision of the Commissioner. (T. 1-6). Plaintiff then timely commenced this action.

**THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. See 20 C.F.R. § 404.1520(a). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. (T.14).

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: schizoaffective disorder, posttraumatic stress disorder, generalized anxiety disorder, and

alcohol, marijuana and cocaine dependence. (T.14). The ALJ also determined that Plaintiff's medically determinable impairments of non-obstructive coronary artery disease with moderate to severe mitral valve regurgitation were non-severe and created no significant work-related functional limitations. (T.15).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ specifically considered Listings 12.03, 12.04, 12.06, and 12.09. (T.16).

Before proceeding to step four, the ALJ then assessed Plaintiff as having the residual functional capacity ("RFC") to perform a full range of work at all extertional levels, with the additional non-exertional limitations that he cannot interact with the public but has no limitation in his ability to interact with coworkers or supervisors, and that he can only occasionally understand, remember, and carry out complex and detailed tasks. At step four, the ALJ concluded that Plaintiff did not have any past relevant work. (T. 21).

At step five, the ALJ relied on the VE's testimony that a person of Plaintiff's age, and with his education, work experience, and RFC, could perform the requirements of the following representative jobs that exist in the significant numbers in the national economy: Cleaner II (Dictionary of Occupational Titles

3

("DOT") No. 919.687-014, unskilled, SVP 1, medium exertional level); Garment Folder (DOT No. 789.687-066, unskilled, SVP 2, light exertional level); and Cleaner Housekeeping (DOT No. 323.687-014, unskilled, SVP 2, light exertional level). (T.22).

At step five, the ALJ found that Plaintiff has not been under a disability, as defined in the Act, since the application date. (T. 23).

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of

4

review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ erred in determining the Plaintiff's cardiac impairment was non-severe based on a one time examination which was not designed to uncover any meaningful information about his cardiac condition; and (2) the ALJ's lay conclusion that the Plaintiff had no limitations interacting with coworkers or supervisors was unsupported by any medical opinion of record. Defendant responds that the ALJ's determination was supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court concludes that remand of this matter for further administrative proceedings is required.

**I. Plaintiff's Cardiac Condition**

Plaintiff claims to suffer from the heart conditions of cardiomyopathy and regurgitory valves, which allegedly cause him to have mild heart attacks. In his testimony, Plaintiff estimated that he suffered five to six mild heart attacks in 2014 and three in 2015. (T.55-56).

The medical evidence of record shows that Plaintiff reported to the Erie County Medical Center emergency room on January 11,

2014. (T. 470-76). Plaintiff was diagnosed with chest pain. (T. 470). An EKG showed sinus tachycardia. (T. 474). Plaintiff's left ventricle ejection fraction was in the range of 30-40 percent, consistent with moderately reduced systolic function; diffuse hypokinesis and mild regurgitation were both noted. (T. 476).

At a visit with his primary care physician on November 4, 2015, Plaintiff reported that he was scheduled to see a cardiologist. (T. 295). An EKG revealed sinus tachycardia, and Plaintiff's primary care physician encouraged him to see a cardiologist as soon as possible. (T. 296).

Also on November 4, 2015, Plaintiff saw Dr. Bharajh Rajagopalan at the Buffalo General Cardiology Clinic. (T. 300-301). Plaintiff had sinus tachycardia and "moderate to severe mitral regurgitation which may require possible open heart surgery." (T. 301). Dr. Rajagopalan sent Plaintiff to the emergency room "to rule out acute coronary syndrome." (*Id*.).

Plaintiff underwent cardiac catheterization on November 5, 2015, which revealed no severe mitral regurgitation and no angiographically evident coronary artery diseases, but did show elevated right left heart filling pressures and mild pulmonary hypertension.

With respect to medical opinion evidence regarding Plaintiff's cardiac condition, consultative examiner Dr. John Schwab examined Plaintiff on June 2, 2015. (T. 247-249). Dr. Schwab noted that

6

Plaintiff was a poor historian. (T. 247). Dr. Schwab's cardiac examination consisted of taking Plaintiff's blood pressure and pulse, and measuring his breaths. (T. 248-49). Based on his physical examination, Dr. Schwab opined that Plaintiff had no restrictions. (T. 250).

In his decision, at step two, the ALJ found that Plaintiff had the medically determinable impairments of non-obstructive coronary artery disease with moderate to severe mitral valve regurgitation. (T. 15). However, based on Dr. Schwab's opinion, to which he gave significant weight, the ALJ determined that these impairments were non-severe. (Id.).

Plaintiff argues that the ALJ's determination that his cardiac impairment was not severe and therefore not disabling was unsupported by substantial evidence in the record. The ALJ therefore is required to further develop the record to determine what, if any, limitations would be associated with his cardiac impairment. The Court agrees and remand is warranted.

As a threshold matter, the Court finds that Dr. Schwab's opinion did not constitute substantial evidence in support of the ALJ's conclusion. Dr. Schwab did not have Plaintiff's complete medical records related to his cardiac condition and he noted that Plaintiff was a poor historian. Moreover, his cardiac examination of Plaintiff was cursory, and insufficient to provide the necessary insight into the any limitations that might be associated with

7

Plaintiff's cardiac impairments. The opinion of consultation examiner cannot constitute substantial evidence where it is "based upon an incomplete and insufficient record." Stackhouse v. Colvin, 52 F. Supp. 3d 518, 521 (W.D.N.Y. 2014).

The ALJ also could not rely on his own lay interpretation of Plaintiff's cardiac medical records to conclude that Plaintiff's cardiac impairment was non-severe. See Snyder v. Colvin, No. 5:13-CV-585 GLS/ESH, 2014 WL 3107962, at *4 (N.D.N.Y. July 8, 2014) (at step two, the ALJ cannot arbitrary substitute his own judgment for competent medical opinion and cannot "interpret[] raw medical data and interject[] h[is] own lay medical judgment"). Accordingly, there was a clear gap in the record regarding the functional limitations, if any, associated with Plaintiff's cardiac impairment.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record. This duty exists even when the claimant is represented by counsel." Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996) (internal citation omitted). "This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination," Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996), and requires the ALJ to take affirmative steps "where there are deficiencies in the record," Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). In

furtherance of his duty to develop the record, "the ALJ may be required to order a consultative examination when necessary to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the ALJ] to make a determination or decision on [the] claim." Tanner v. Colvin, No. 13-CV-746-JTC, 2015 WL 6442575, at *5 (W.D.N.Y. Oct. 23, 2015) (internal quotation omitted). "It is considered reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Falcon v. Apfel, 88 F. Supp. 2d 87, 91 (W.D.N.Y. 2000) (internal quotation omitted).

In this case, a review of the record reveals that there was substantial medical evidence demonstrating that Plaintiff suffered from cardiac impairments. Indeed, the ALJ concluded at step two that Plaintiff's obstructive coronary artery disease with moderate to severe mitral valve regurgitation were medically determinable impairments. However, the record contained no sufficient medical evidence regarding limitations associated with those impairments. The ALJ was therefore required to further develop the record, and his failure to do so constitutes error requiring remand.

**II. Plaintiff's Ability to Interact with Others**

Plaintiff's second argument is that the ALJ's conclusion that Plaintiff had no limitations in his ability to interact with

supervisors and co-workers was unsupported by substantial evidence. Again, the Court agrees.

Consultative psychiatric examiner Dr. Gregory Fabiano examined Plaintiff on June 2, 2015. (T. 242-246). Dr. Fabiano assessed Plaintiff with schizoaffective disorder, major depressive disorder, unspecified anxiety disorder, and alcohol, cannabis, and cocaine substance use disorder, all in remission. (T. 245). Dr. Fabiano opined that Plaintiff would have "moderate limitations in his ability to relate adequately with others and appropriately deal with stress." (Id.).

In determining Plaintiff's mental RFC, the ALJ purported to give significant weight to Dr. Fabiano's opinion. (T. 20). However, in direct contradiction to Dr. Fabiano's opinion that Plaintiff would have moderate limitations in his ability to relate adequately with others, the ALJ determined that Plaintiff had no limitations in his ability to interact with coworkers or supervisors. The ALJ failed to proffer any sound explanation for this discrepancy.

When an ALJ adopts some portions of a medical opinion but rejects others, he must explain why he did not adopt the rejected portions. See Soc. Sec. Ruling 96-8p (1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted"); see also Dioguardi v. Comm'r of Soc. Sec., 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006)

10

("The plaintiff . . . is entitled to know why the ALJ chose to disregard the portions of the medical opinions that were beneficial to her application for benefits."); Labonte v. Berryhill, No. 16-CV-518-FPG, 2017 WL 1546477 at *3 (W.D.N.Y. May 1, 2017)) ("when an ALJ adopts only portions of a medical opinion he or she must explain why the remaining portions were rejected").

Here, the ALJ provided no explanation for why he rejected Dr. Fabiano's opinion that Plaintiff would have moderate limitations in his ability to adequately interact with others. This was error, and provides an additional basis for determining that remand is required in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 12) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                S/Michael A. Telesca
                                _____
                                MICHAEL A. TELESCA
                                United States District Judge

Dated:    March 19, 2017
           Rochester, New York